FILED

2014 Jul-22  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **KATRINA L. WELLINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:13-CV-0765-JHE** |
| | ) | |
| **CHUGACH FEDERAL** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Plaintiff Katrina L. Wellington ("Ms. Wellington") initiated this job-related lawsuit against Defendant Chugach Federal Solutions, Inc. ("Chugach") on April 24, 2013. (Doc. 1). Ms. Wellington amended her complaint on October 23, 2013 (Doc. 19), and in that pleading she asserts four separate causes of action. (Id. at 15-19 ¶¶ 130-33).

This matter is before the court on Ms. Wellington's objections (Doc. 29) to Magistrate Judge John H. England, III's report and recommendation (the "R&R")

(Doc. 28),[1] which proposes that Chugach's Motion To Dismiss Counts 1 and 4 of Amended Complaint (Doc. 20) (the "Partial Motion") be granted as to Count 1 and otherwise denied. (Doc. 28 at 15). Count 1 of Ms. Wellington's amended complaint asserts a claim arising under the False Claims Act (the "FCA"). (Doc. 19 at 15-16 ¶ 130).

Chugach filed a brief (Doc. 21) in support of its Partial Motion on November 6, 2013. On November 20, 2013, Ms. Wellington opposed the Partial Motion. (Doc. 23).

The R&R was entered on June 13, 2014. (Doc. 28). Ms. Wellington's objections (Doc. 29) were filed on June 27, 2014. The undersigned was randomly drawn to review the R&R on June 30, 2014. (Doc. 30). On July 7, 2014, Chugach filed a response (Doc. 31) to Ms. Wellington's objections.

The matter, therefore, is now under submission, and for the reasons explained below, the court **SUSTAINS IN PART** and otherwise **OVERRULES** Ms. Wellington's objections, and **ACCEPTS** Magistrate Judge England's R&R, as modified below.

---

[1] The parties have not consented to the jurisdiction of the magistrate judge. Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

## II.    Standards

### A.    Rule 12(b)(6) Dismissal Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion:  (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting Fed. R. Civ. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (setting forth general pleading requirements for a complaint to include providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been

3

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

## B.      Rule 9(b) Pleading Standard

Rule 9(b) of the Federal Rules of Civil Procedure provides in part:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Fed. R. Civ. P. 9(b). Within the Eleventh Circuit, this particularity in pleading standard is met by "alleg[ing] the details of the defendants['] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 568 (11th Cir. 1994) (per curiam) (citing *Durham v. Business Management Assocs.*, 847 F.2d 1505 (11th Cir. 1988)).

Further, the Eleventh Circuit requires that actions arising under the FCA comply with the requirements of Rule 9(b). *See Cooper*, 19 F.3d at 568 ("BCBSF argued successfully below that Cooper's [FCA] complaint did not satisfy Rule 9(b). We agree.").

### C.  District Court Review of Report and Recommendation

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996),

*superceded by statute on other grounds as recognized by ACS Recovery Servs. Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012)).[2] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S.C.C.A.N. 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

---

[2]   The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[3]   *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v.*

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)

---

*Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

("Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.   Analysis

In her objections, Ms. Wellington initially attempts to dispute the proposed dismissal of her FCA claim by referencing a split in the circuits and citing to a non-binding case arising out of the Fifth Circuit as her legal support. (Doc. 29 at 1-2). That portion of her objections is underdeveloped, unpersuasive, and **OVERRULED**.

Alternatively, Ms. Wellington does not challenge the dismissal of her FCA count, but rather she contests the recommended "with prejudice" nature of that

dismissal. More specifically, Ms. Wellington states:

> Plaintiff objects to the Magistrate's Recommendation to dismiss the False Claims cause of action with prejudice, stating that Plaintiff should not be allowed to amend the complaint because she has made no request to amend her complaint during pendency of the motion to dismiss the amended complaint. Plaintiff had no reason to request such leave before the Magistrate recommended whether her Amended Complaint sufficiently stated a False Claims cause, and still has none as the claim's dismissal has only been recommended, not ordered. In the event that the Magistrate's recommendation to dismiss the False Claims cause is adopted, Plaintiff requests dismissal without prejudice and leave to amend as ongoing discovery is likely to provide significant information pertaining to the alleged fraudulent claims.

(Doc. 29 at 2-3).

Citing to an unpublished Eleventh Circuit panel opinion, Chugach counters that a "without prejudice" dismissal would unfairly give Ms. Wellington "a third bite at the apple to correctly plead a FCA claim." (Doc. 31 at 5). Chugach also argues that "any amendment to Ms. Wellington's Complaint would be futile" and that "leave to amend should be denied." (Doc. 31 at 5). In this court's view, Chugach's futility position is probably premature and/or beyond the scope of the undersigned's review as no motion for leave to amend has been filed and no additional amended pleading from which to test futility has been proposed.

However, the court ultimately does not need to reach the specific contentions of either side because it finds that a "without prejudice" dismissal is appropriate for

an independent procedural reason. Rule 54(b) addresses judgment on multiple claims or involving multiple parties and provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines that there is no just reason for delay</u>. Otherwise, <u>any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims</u> or parties <u>and may be revised at any time</u> before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). "The purpose of Rule 54(b) is to codify the historic practice of 'prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments,' except in the 'infrequent harsh case' in which the district court properly makes the determinations contemplated by the rule." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (quoting Fed. R. Civ. P. 54(b) advisory committee's note to 1946 amendment).

Here, because other claims against Chugach remain pending in this lawsuit, the dismissal of Count 1 cannot become a final adjudication on the merits, *i.e.*, a "with prejudice" dismissal subject to an immediate appeal, unless the ruling is expressly certified by the district court as warranting <u>and</u> the record confirms that it is deserving of such special treatment. *See In re Se. Banking Corp.*, 69 F.3d at 1546 ("When a

district court is persuaded that Rule 54(b) certification is appropriate, the district court should support its conclusion by clearly and cogently expressing its reasoning and the factual and legal determinations supporting that reasoning." (citing *Explosives Supply Co. v. Columbia Nitrogen Corp.*, 691 F.2d 486, 486 (11th Cir. 1982))); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) ("A district court's Rule 54(b) certification is <u>not</u> conclusive on [the Eleventh Circuit].") (emphasis added).

The R&R does not recommend a Rule 54(b) certification on the proposed dismissal of Count 1 and Chugach has not requested that one be entered either. Therefore, the second sentence of Rule 54(b) comes into play and, even if the court were to dismiss Count I "with prejudice," as Chugach insists, such a label would not create any appealable "finality" and, consequently, the dismissal would, despite its designation, instead constitute a "without prejudice" one. *See Huckeby v. Frozen Food Exp.*, 555 F.2d 542, 545 (5th Cir. 1977) (recognizing that "partial disposition of a multi-claim . . . action . . . is ordinarily an unappealable interlocutory order" and consequently "is subject to revision <u>at any time</u> prior to entry of a final decision") (emphasis added).

Put differently, the procedural posture of this case means that a "with prejudice" final dismissal of the FCA count, in the absence of the requisite Rule 54(b)

certifying language, is simply not an option. Accordingly, Ms. Wellington's objections to the R&R are **SUSTAINED** only in the limited respect that she seeks to have Count I dismissed "without prejudice" and are otherwise **OVERRULED**.

## IV.   Conclusion

For the reasons set out above, the court **SUSTAINS IN PART** and otherwise **OVERRULES** Ms. Wellington's objections and **ACCEPTS** the R&R as modified herein. Accordingly, Chugach's Partial Motion is **GRANTED** as to Count 1 and is otherwise **DENIED**. Further, Count 1 is **HEREBY DISMISSED WITHOUT PREJUDICE**. Finally, with all the objections to the R&R addressed by the undersigned, the case is **HEREBY REFERRED BACK** to Magistrate Judge England for further proceedings consistent with this memorandum opinion and order.

**DONE** and **ORDERED** this the 22nd day of July, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge